United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40237
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DELRICK WILLIAMS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CR-48-2
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Delrick Williams appeals his conviction following a jury trial for possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). Williams challenges the sufficiency of the evidence and the district court's denial of his pre-trial motion to suppress. We affirm.

Williams was a passenger in a car stopped for a traffic violation in which police discovered 331 pounds of marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The evidence showed that the car had been rented in Houston approximately four hours before the stop. Testimony showed that it would have taken considerable time to load the marijuana into the vehicle and then approximately two hours to reach Nacogdoches, where the stop occurred. Williams was present when the car was rented and was listed as an additional driver on the rental agreement. He was hesitant and defensive in response to questioning during the traffic stop and gave a story that conflicted with that of the driver. Marijuana was found hidden in the trunk of the car, but a large amount was also found immediately behind the passenger and driver's seat under clothing. Williams and the driver began backing away as if to flee when a drug dog alerted to the vehicle. We conclude that the evidence on the whole, viewed in the light most favorable to the verdict, supports at least a plausible inference of Williams's knowledge and possession. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Mergerson, 4 F.3d 337, 348-49 (5th Cir. 1993).

With respect to the suppression motion, we find no merit in Williams's challenge to the initial stop based on an alleged traffic violation. The investigating officer testified that the driver of the vehicle failed to signal when changing lanes and when exiting onto another highway. He also indicated this

violation in his report.  See Whren v. United States, 517 U.S. 806, 810 (1996).

Williams argues that the officer impermissibly prolonged the stop by questioning him and the driver before requesting a computer records check, unduly delaying his request for the records check, and then continuing the detention after the records check came back negative.  The questions that the officer asked the driver and Williams were routine and within the scope of the initial stop and took only a few minutes to complete. See United States v. Brigham, 382 F.3d 500, 507-08 (5th Cir. 2004) (en banc).  The questions were not impermissible because they were asked before the records check.  Id. at 511.  We conclude from a review of the transcript of the suppression hearing that the officer relied on more than a generalized suspicion of wrongdoing; instead, the officer's actions were a graduated response to emerging facts, were reasonable under the totality of the circumstances, and did not unconstitutionally extend Williams's detention.  See id. at 506-09.

AFFIRMED.